1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KEITH A. BROWN,                          )   Case No. CV 16-2281 JFW(JC)
                                         )
                    Petitioner,          )
                                         )
          v.                             )   ORDER DISMISSING PETITION
                                         )   FOR WRIT OF HABEAS CORPUS
                                         )   AND ACTION WITHOUT
R. FISHER, WARDEN,                       )   PREJUDICE
                                         )
                    Respondent.__        )

## I.    SUMMARY

On April 4, 2016, petitioner Keith A. Brown ("petitioner"), a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Current Federal Petition") with exhibits.  The Current Federal Petition challenges a 1987/1988 conviction/judgment in Los Angeles County Superior Court Case No. A37401 ("State Case" or "State Conviction").  (Petition at 2).[1]

///

---

[1]Although petitioner checked boxes indicating that he was challenging both "a conviction and/or sentence" and "a parole problem," it is apparent from a review of the lengthy Current Federal Petition – which appears to be devoid of any other reference to parole – that petitioner challenges only his conviction in the State Case, essentially claiming that he is actually innocent, his guilty plea was involuntary, and he received ineffective assistance of counsel, and that the California state courts improperly denied him relief.

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[2]

## II. PERTINENT PROCEDURAL HISTORY[3]

### A. State Proceedings

In September 1987, following petitioner's guilty plea in the State Case, petitioner was convicted of second degree murder with a two-year firearm enhancement. On February 11, 2008, the court sentenced petitioner to a total term of seventeen years to life in state prison. Petitioner was sixteen years old at the time of his conviction. He apparently did not pursue a direct appeal. However, petitioner sought, and was denied post-conviction relief on multiple occasions in

///

---

[2]Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[3]Unless otherwise indicated, the facts and procedural history set forth in this section are derived from dockets of the California Supreme Court and the California Court of Appeal, Second Appellate District ("California Court of Appeal" or "Court of Appeal") (available via http://appellatecases.courtinfo.ca.gov) of which this Court takes judicial notice and from court records in the Central District of California (CDCA) and the Ninth Circuit in the following cases of which this Court takes judicial notice: (1) Keith A. Brown v. Deborah Dexter, CDCA Case No. EDCV 08-874 JFW(MLG) ("Prior Federal Petition" or "Prior Federal Action"); and (2) Keith Brown v. Deborah Dexter, Ninth Circuit Case No. 08-56886 ("Ninth Circuit Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court.

**B.     Prior Federal Petition/Prior Federal Action and Ninth Circuit Action**

On July 1, 2008, petitioner formally filed the Prior Federal Petition.  On October 8, 2008, the assigned Magistrate Judge issued a Report and Recommendation recommending that the Prior Federal Petition be dismissed with prejudice ("Prior R&R").  The Prior R&R noted that the crux of petitioner's claim was that the sentence he received in the State Case was illegal, construed the Prior Federal Petition as a challenge to the sentence imposed in the State Case (and thus effectively to the judgment in the State Case), and recommended that the Prior Federal Petition be dismissed with prejudice because it was untimely.[4]  On October 29, 2008, this Court accepted and adopted the Prior R&R and ordered that judgment be entered dismissing the Prior Federal Petition with prejudice. Judgment was entered accordingly on November 4, 2008.

On November 17, 2008, petitioner filed a Notice of Appeal.  On May 28, 2010, the Ninth Circuit denied petitioner's request for a certificate of appealability in the Ninth Circuit Action.

**C.     Current Federal Petition**

As noted above, on April 4, 2016, petitioner formally filed the Current Federal Petition.  Petitioner again challenges the judgment in the State Case, claiming, among other things, that he is actually innocent, that his guilty plea was involuntary, and that he received ineffective assistance of counsel.

///

///

---

[4]The Prior R&R alternatively construed the Prior Federal Petition as a challenge to the authority of the Board of Parole Hearings to deny parole and noted that such claim was not cognizable on federal habeas review.

3

1  The record does not reflect that petitioner has obtained authorization from
2  the Ninth Circuit to file the Current Federal Petition in District Court.[5]

3  **III.   DISCUSSION**

4  Before a habeas petitioner may file a second or successive petition in a
5  district court, he must apply to the appropriate court of appeals for an order
6  authorizing the district court to consider the application.  <u>Burton v. Stewart</u>, 549
7  U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)).  This provision
8  "creates a 'gatekeeping' mechanism for the consideration of second or successive
9  applications in district court."  <u>Felker v. Turpin</u>, 518 U.S. 651, 657 (1996); <u>see</u> <u>also</u>
10  <u>Reyes v. Vaughn</u>, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing
11  applicable procedures in Ninth Circuit).  A district court lacks jurisdiction to
12  consider the merits of a second or successive habeas petition in the absence of
13  proper authorization from a court of appeals.  <u>Cooper v. Calderon</u>, 274 F.3d 1270,
14  1274 (9th Cir. 2001) (per curiam) (citing <u>United States v. Allen</u>, 157 F.3d 661, 664
15  (9th Cir. 1998)), <u>cert. denied</u>, 538 U.S. 984 (2003).

16  The court of appeals may authorize the filing of a second or successive
17  petition only if it determines that the petition makes a prima facie showing that at
18  least one claim within the petition satisfies the requirements of 28 U.S.C.
19  Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1)
20  relies on a new rule of constitutional law, made retroactive to cases on collateral
21  review by the Supreme Court; or (2) the factual predicate for the claim could not
22  have been discovered previously through the exercise of due diligence and the facts
23  underlying the claim would be sufficient to establish that, but for constitutional
24  errors, no reasonable factfinder would have found the applicant
25  ///

26

27

28  [5]A search of the court's PACER system does not reflect that petitioner has been granted
leave to file a second or successive petition by the Ninth Circuit.

4

1   guilty of the underlying offense.  Nevius v. McDaniel, 104 F.3d 1120, 1120-21

2   (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

3          A second or subsequent habeas petition is not considered "successive" if the

4   initial habeas petition was dismissed for a technical or procedural reason, rather

5   than on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second

6   habeas petition not "successive" if initial habeas petition dismissed for failure to

7   exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645

8   (1998) (second habeas petition not "successive" if claim raised in first habeas

9   petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030

10  (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition

11  on the merits rendering subsequent petition "second or successive"); Henderson v.

12  Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds

13  constitutes disposition on the merits rendering subsequent petition "second or

14  successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc.,

15  514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on

16  the merits) (citations omitted); Reyes v. United States, 1999 WL 1021815 *3

17  (E.D.N.Y. 1999) (dismissal of first habeas petition for failure to prosecute pursuant

18  to Fed. R. Civ. P. 41(b) constitutes dismissal on the merits and renders

19  subsequently filed habeas petition second or successive).

20         Petitioner's Prior Federal Petition was denied as untimely – a determination

21  which the Ninth Circuit has deemed to constitute a disposition on the merits.  See

22  McNabb, 576 F.3d at 1030.  Accordingly, the Current Federal Petition is

23  successive.  Since petitioner filed the Current Federal Petition without

24  authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

25  ///

26  ///

27  ///

28  ///

**IV.   ORDER**

      IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice.

      IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Current Federal Petition to the Ninth Circuit.

DATED:    May 19, 2016

                                  _____

                              HONORABLE JOHN F. WALTER
                              UNITED STATES DISTRICT JUDGE